THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH F. FITZSIMMONS,

      Plaintiff,

v.                           3:20-CV-02052
                              (JUDGE MARIANI)
WILLIAM W. STUCKEY,

      Defendant.

## MEMORANDUM OPINION

### I. INTRODUCTION

Plaintiff Joseph F. Fitzsimmons brought this action against William W. Stuckey, alleging that Mr. Stuckey failed to timely pay on promissory notes issued to Mr. Fitzsimmons. The gravamen of Plaintiff's Complaint concerns alleged nonpayment of debt owed following a Settlement Agreement and Mutual Release entered on January 31, 2013, whereby William W. Stuckey agreed to pay a total of $310,000 to Plaintiff. Presently before the Court is a Motion to Dismiss Plaintiff's complaint due to the applicable statute of limitations and untimely and improper service of process (Doc. 23). For the reasons set forth below, the Court will deny the Motion.

### II. PROCEDURAL HISTORY

On November 5, 2020, Plaintiff Joseph F. Fitzsimmons filed the present Complaint against William W. Stuckey. (Compl., Doc. 1.) On January 20, 2021, Plaintiff filed his first Motion to Extend the Time for Service of the Complaint Pursuant to Federal Rule of Civil

Procedure 4(m), which the Court granted. (Docs. 5, 6.) On February 18, 2021, Plaintiff filed his second Motion to Extend Time for Service, which the Court granted. (Docs. 7, 8.) On April 28, 2021, after having made additional attempts at service, Plaintiff filed his third Motion to Extend the Time for Service, which the Court granted. (Docs. 11, 12.) On July 12, 2021, after having made alternative attempts at service, Plaintiff filed his fourth Motion to Extend Time for Service, which the Court granted. (Docs. 16, 17.)

On January 20, 2022, Plaintiff filed his fifth-and-final Motion to Extend Time for Service, which the court granted. (Docs. 18, 19.) On April 21, 2022, the Court granted this most recent Motion to Extend Time for Service, but noted that "[t]he Court cautions that it may be unable to grant further extension of time absent proof that the Defendant is willfully evading Plaintiff's attempts at service." (Doc. 19.) On June 21, 2022, the time for effectuating service on Defendant lapsed. The Court did not receive a Motion to Extend Time for Service, nor any evidence that Plaintiff properly effectuated service on Defendant.

On July 25, 2022, the Court ordered Plaintiff to show cause as to his failure to effectuate service on Defendant and noted that "Plaintiff has made no attempt to extend this time or inform the Court as to the status of service of the Complaint. These factors all weigh heavily in favor of dismissal of this action without prejudice." (Doc. 20.) On July 28, 2022, Plaintiff filed a response to the Rule to Show Cause, outlining Plaintiff's attempts at effectuating service on Defendant. (Doc. 21.) On August 30, 2022, Plaintiff filed proof of service of summons, which did not include the Complaint. (Doc. 22.)

On September 14, 2022, Defendant filed a Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss (Doc. 23), accompanied by a supporting brief (Doc. 25). The Motion to Dismiss alleges that Plaintiff's Complaint is barred both by the statute of limitations and due to untimely and improper service of process. (Doc. 23 at 2.)

On October 10, 2022, Plaintiff filed a Brief in Opposition to Defendant's Motion to Dismiss. (Doc. 26.)[1] The next day, Plaintiff also filed an Amended Proof of Service. (Doc. 27.)

### III. FACTUAL ALLEGATIONS

Plaintiff Joseph F. Fitzsimmons alleges that he lent money to William W. Stuckey and his wife, Darla Stuckey, in exchange for a promissory note of $125,000 on June 15, 2005. (Compl., Doc. 1 ¶ 3.) On February 1, 2018, Plaintiff loaned Defendant and his wife additional money in exchange for a second promissory note of $125,000. (Id. ¶ 5.)

Plaintiff alleges Defendant and his wife failed to make timely payments on both promissory notes. (Id. ¶ 6.) On January 31, 2013, the parties entered into a Settlement Agreement and Mutual Release in an attempt to resolve these payment disputes. (Id. ¶ 7.) As part of the Settlement Agreement, Defendant and his wife agreed to pay $145,000. (Id. ¶ 8.) Defendant also agreed to pay an additional $165,000 in monthly installments of $1,000. (Id. ¶ 9.) Defendant attempted to make these payments until March 11, 2017. (Id. ¶ 10.)

---

[1] Plaintiff also filed an Answer to Defendant's Motion to Dismiss. (Doc. 24.) Answers to Motions to Dismiss are not contemplated by the Federal Rules of Civil Procedure or the Local Rules for the Middle District of Pennsylvania. Therefore, Plaintiff's Answer to the motion is not considered by the Court.

3

After March 11, 2017, and following repeated demands for payment, Defendant allegedly refused to make payments as required by the Settlement Agreement. (*Id.* ¶ 12.) On November 5, 2020, Plaintiff filed this lawsuit against Defendant seeking damages in the amount of $131,215 plus legal interest, costs, and attorney fees as a result of Defendant's nonpayment in accordance with the Settlement Agreement. (*Id.*).

## IV. LEGAL STANDARD

As noted previously, Defendant filed his Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) arguing that Plaintiff's complaint is barred both by the statute of limitations and due to untimely and improper service of process. (Doc. 23) Although Defendant filed a Rule 12(b)(6) Motion to Dismiss, these arguments are best considered under both Rules 12(b)(5) and 12(b)(6), and the Court will analyze the present Motion accordingly. *See, e.g., Est. of Ginzburg by Ermey v. Electrolux Home Prod.*, Inc., 783 F. App'x 159, 162 (3d Cir. 2019). Faced with similar arguments, the court in *Ginzburg* considered a defendant's motion to dismiss pursuant to both Rule 12(b)(5) and Rule 12(b)(6) for insufficiency of service of process and for the running of the applicable statute of limitations, respectively. *Id*.

### A. Federal Rule of Civil Procedure 12(b)(6)

A complaint must be dismissed under Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must assert "factual

4

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, ... a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "factual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but ... disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231 n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct,

the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

In considering a Rule 12(b)(6) motion to dismiss, the Court generally relies on the complaint, attached exhibits, and matters of public record. *See Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). The Court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the Court may not rely on other parts of the record in determining a motion to dismiss under Rule 12(b)(6). *See Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

A complaint is subject to dismissal on statute of limitations grounds under Rule 12(b)(6) only when the statute of limitations bar is apparent on the face of the complaint. *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). As explained in *Schmidt*, a limitations defense may be raised by a motion under Rule 12(b)(6) "only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the

statute of limitations." *Id.* at 249 (quoting *Robinson v. Johnson*, 313 F.3d 128, 134–35 (3d Cir. 2002) (internal quotations omitted)).

## B. Federal Rule of Civil Procedure 12(b)(5)

Under Rule 12(b)(5) of the Federal Rules of Civil Procedure, a defendant may move to dismiss the complaint when a plaintiff fails to effectuate proper service. Fed. R. Civ. P. 12(b)(5). "In resolving a motion under Rule 12(b)(5), the party making service has the burden of demonstrating its validity when an objection to service is made." *Martin v. OSHA*, 2017 WL 1326212, at *2 (E.D. Pa. Apr. 11, 2017).

Federal Rule of Civil Procedure 4(m) outlines the proper timing of service. Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The Third Circuit considers "three factors in determining the existence of good cause under Rule 4(m): (1) reasonableness of plaintiff's efforts to serve[;] (2) prejudice to the defendant by lack of timely service[;] and (3) whether plaintiff moved for an enlargement of time to serve." *See Beautyman v. Laurent*, 829 F. App'x 581, 583 (3d Cir. 2020) (nonprecedential) (citing *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995)).

If a plaintiff fails to show good cause, "the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995); *see also McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 196 (3d Cir. 1998). In determining whether to grant a discretionary extension, the court may consider several factors including 1) actual notice of the action, 2) prejudice to the defendant, 3) statute of limitations, 4) conduct of the defendant, 5) whether the plaintiff is represented by counsel, and 6) any other relevant factor. *Chiang v. U.S. Small Bus. Admin.*, 331 F. App'x 113, 116 (3d Cir. 2009); *see also Jumpp v. Jerkins*, No. 08–6268, 2010 WL 715678, at *7 (D.N.J. Mar. 1, 2010).

## V. ANALYSIS

The Court considers two issues raised by Defendant in his Motion to Dismiss. (Doc. 23.) First, the Court considers whether Plaintiff's Complaint is barred by the applicable statute of limitations. Second, the Court considers whether Plaintiff's Complaint is barred by insufficient service of process. For the reasons set forth below, the Court rejects both of Defendant's arguments.

### *A. Statute of Limitations*

The Court first considers Defendant's argument that Plaintiff's Complaint is barred by the applicable statute of limitations (Doc. 23.) Plaintiff argues that he filed his Complaint within the applicable statute of limitations and has made good faith attempts at serving Defendant since the filing of the Complaint. (Doc. 26 at 3-4.) As below, the Court finds that

Plaintiff demonstrated a good faith effort to effectuate service and the statute of limitations is tolled.

"The statute of limitations is 'substantive' for the purposes of the Erie Doctrine". *See Callan v. Patel*, No. CV 3:15-2357, 2018 WL 4635962, at *3 (M.D. Pa. Sept. 27, 2018) (citing *Wells Fargo Bank, N.A. v. Carnell*, No. 3:16-CV-130, 2018 WL 840141, at *3 (W.D. Pa. Feb. 12, 2018)). Therefore, the period provided for filing a contract action by Pennsylvania law applies in this case.

"In Pennsylvania, as a general rule, 'a cause of action accrues, and thus the applicable limitations period begins to run, when an injury is inflicted.'" *Williams v. Wexford Health Sources, Inc.,* 199 F. Supp. 3d 917 at 921 (citing *Wilson v. El-Daief*, A.2d 354, 361 (Pa. 2009)); *see also* 42 Pa. C.S.A. § 5502(a). Thus, "[i]n Pennsylvania, a cause of action accrues when the plaintiff could have first maintained the action to a successful conclusion." *Carnell*, 2018 WL 840141, at *3 (citation omitted).

The statute of limitations is tolled when a complaint is filed, but "only if the plaintiff then makes a good faith effort to effectuate service." *See, e.g., Callan*, 2018 WL 4635962, at *4 (citing *Williams v. Wexford Health Sources, Inc.*, 199 F. Supp. 3d 917, 923 (E.D. Pa. 2016)) (both applying Pennsylvania law). Therefore, the Court must determine whether Plaintiff made a good faith effort to effectuate service on Defendant.

Whether a plaintiff acted in good faith is assessed on a case-by-case basis and is in the "sound discretion of the trial court." *See Callan*, 2018 WL 4635962, at *5 (citing

*Williams*, 199 F. Supp. 3d at 924). Rigid compliance is not required, and courts should avoid "the draconian action of dismissing claims based on technical failings that do not prejudice the defendant." *McCreesh v. City of Philadelphia*, 888 A.2d 664, 674 (Pa. 2005); *Estate of Ginzburg v. Electrolux Home Prods.*, 783 F. App'x 159, 160 (3d Cir. 2019) (quoting *McCreesh*, 888 A.2d at 674). At the same time, "the plaintiff must have actually tried to put the defendant on notice of the suit." *O'Meally v. City of Philadelphia*, No. CV 21-5677, 2022 WL 1172973, at *2 (E.D. Pa. Apr. 20, 2022). "The service does not have to have been perfect, however, so long as the defendant had 'actual notice' of the suit and was not 'prejudiced' by the improper service." *Id.* (quoting *McCreesh*, 888 A.2d at 666). Notwithstanding this "flexible approach," *McCreesh*, 888 A.2d at 666, courts have emphasized that "'[s]imple neglect and mistake to fulfill the responsibility to see that requirements for service are carried out may be sufficient' to find that a plaintiff did not act with good faith." *Callan*, 2018 WL 4635962, at *5 (quoting *Englert v. Fazio Mech. Servs., Inc.*, 932 A.2d 122, 124 (Pa. Super. Ct. 2007)). The burden is on the plaintiff to demonstrate that he acted in good faith. *Gussom v. Teagle,* 247 A.3d 1046, 1057 (Pa. 2021).

The Pennsylvania Supreme Court most recently summarized Plaintiff's burden in *Gussom*.

> When a defendant presents a factual dispute as to whether a plaintiff fulfilled this duty, the plaintiff carries an evidentiary burden to demonstrate that he met his good-faith mandate. If a plaintiff presents credible evidence that they made this attempt at service, then they fulfill their requirement to prove good faith. If a plaintiff does not present such evidence, then they have failed to satisfy their evidentiary burden, regardless of whether her actions (or inaction) were intentional, unintentional, or

10

otherwise. However, a trial court should not punish a plaintiff by dismissing their complaint where they are able to establish that their improper but diligent attempts at service resulted in the defendant receiving actual notice of the commencement of the action, unless the plaintiff's failure to serve process properly evinced an intent to stall the judicial machinery or otherwise prejudiced the defendant.

*Gussom*, 247 A.3d at 1057; *see also Staretz v. Walmart Stores E., L.P.*, 3:22-cv-00967, 2023 WL 2351885, at *15-17 (M.D. Pa. Mar. 3, 2023).

Here, Plaintiff and Defendant do not dispute that Plaintiff's Complaint was filed with the Court on November 5, 2020. The parties agree that the applicable statute of limitations began to run on March 11, 2017.[2] As explained in detail in Plaintiff's Response to Rule to Show Cause Dated July 25, 2022, Plaintiff made numerous attempts to serve Defendant, including via the United States Postal Service, UPS overnight mailing, contacts with Defendant's family members, and a private investigator. (Doc. 21 at 2-3.) At the time of Plaintiff's Response, filed on July 28, 2022, Plaintiff was continuing to make various efforts to locate Defendant via his private investigator to no avail. (*Id.* ¶ 3.) Because Plaintiff presents credible and detailed evidence that he made numerous attempts to serve Defendant, the Court finds that Plaintiff has met his evidentiary burden to demonstrate good faith and that the case falls within the applicable statute of limitations.

---

[2] Though both Plaintiff and Defendant agree that the applicable statute of limitations is four years from the default of monthly payments that began on March 11, 2017, the parties nonetheless arrive at differing deadlines for when the statute of limitations would bar the Complaint (November 5, 2021, and March 11, 2021, respectively). (Doc. 25 at 8, Doc. 26 at 3). These differences in timing ultimately prove irrelevant to the disposition of this Motion to Dismiss.

## B. Sufficiency of Service

In his Motion to Dismiss, Defendant argues that Plaintiff failed to properly effectuate service on Defendant, both in time and in substance. (Doc. 23 ¶¶ 6-7.) Plaintiff does not contest Defendant's argument that his August 24, 2022, attempted service was temporally insufficient because he failed to file a Motion to Extend Time to serve the complaint prior to the July 24, 2022, extension deadline. (Doc. 25 at 4.) However, Plaintiff contends that he has good cause for his failure to effectuate service. (Doc. 26 at 3-4.) Plaintiff does not address Defendant's argument regarding the substance of his attempted service. (Doc. 26.) For the reasons set out below, the Court finds that the allegations made in Defendant's Motion to Dismiss do not warrant dismissal.

### 1. Timeliness of Service

The Court now considers whether Plaintiff has demonstrated "good cause" for his admitted failure to timely serve Defendant. The Court analyzes good cause under the three factors set out in *Beautyman v. Laurent.* Those three factors are "(1) reasonableness of plaintiff's efforts to serve[;] (2) prejudice to the defendant by lack of timely service[;] and (3) whether plaintiff moved for an enlargement of time to serve." *See Beautyman,* 829 F. App'x at 583.

First, in considering the reasonableness of Plaintiff's efforts to serve, Plaintiff has demonstrated continuous and diligent efforts to locate and serve Defendant over the course of this dispute. (Doc. 21.) Plaintiff has attempted service on Defendant via USPS and UPS

mail and in person via a private investigator. (*Id.* ¶ 3-6.) Additionally, the Court allowed the U.S. Marshals to locate and serve Defendant, however they were also unsuccessful at locating Defendant. (*Id.* ¶ 11). The Court finds that this factor weighs heavily in favor of finding "good cause" for Plaintiff's failure to timely serve process on Defendant.

Second, in considering any prejudice to Defendant by lack of timely service, Defendant has not convincingly articulated how he has been prejudiced by the lack of timely service. In Defendant's brief in support of his Motion to Dismiss, Defendant only argues that Plaintiff's improper service has caused Mr. Stuckey to obtain counsel for the purposes of defending against this action. (Doc. 25 at 11.) This argument is unpersuasive in tilting this factor against a finding of "good cause" as there is no indication that counsel would not have been retained to defend against this action had Defendant been properly served. Because Defendant has not articulated any meaningful prejudice he would face by the lack of timely service, nor is there any prejudice that is readily apparent, this factor also weighs in favor of a finding of "good cause" for Plaintiff's failure to timely serve process on Defendant.

Finally, in considering whether Plaintiff moved for an enlargement of time to serve, Plaintiff failed to move for an additional enlargement of time to serve prior to the July 24, 2022, deadline stipulated by the Court. (Doc. 20.) Plaintiff has offered no explanation as to this lapse in filing a request for an extension in their Brief in Opposition to Defendant's Motion to Dismiss. (Doc. 21.) The Court notes that, in all prior instances, Plaintiff moved for an enlargement of time to serve. Nonetheless, because Plaintiff neglected to file for an

extension in this instance and failed to inform the Court as to the status of service of the Complaint, this factor weighs against a finding of "good cause" for Plaintiff's failure to timely serve the Defendant. (Doc. 20); *Beautyman*, 829 F. App'x at 583 (citing *MCI Telecomms. Corp.*, 71 F.3d at 1097).

Because two of these three factors weigh heavily in favor of Plaintiff, the Court finds that there was good cause for Plaintiff's failure to timely effectuate service on Defendant despite Plaintiff's failure to file a motion to extend the time for service of the complaint pursuant to Federal Rule of Civil Procedure 4(m). This conclusion is bolstered by *Gussom*'s admonition that a trial court should not punish a Plaintiff by dismissing a complaint "unless the plaintiff's failure to serve process properly evinced an intent to stall the judicial machinery or otherwise prejudiced the defendant." *Gussom*, 247 A.3d at 1057. There is no evidence of any attempt on the part of Plaintiff to stall or delay the case.

Further, assuming, *arguendo*, that the Court found the three factors to weigh against a finding of "good cause" under Rule 4(m), the Court would nonetheless use its discretionary authority to grant an extension for service. *Chiang*, 331 F. Appx. at 116; *see also Jumpp*, 2010 WL 715678, at *7 (D.N.J. Mar. 1, 2010).

First, the Court considers whether Defendant had actual notice of the action. Here, as Defendant concedes in his Brief in Support of his Motion to Dismiss, he does have actual notice of the action from Plaintiff's attempted service on August 24, 2022. (Doc. 25 at 11.) Additionally, it is possible that Defendant also received actual notice of the lawsuit from

Plaintiff's direct contact with family-members and Defendant himself prior to the August 24, 2022, attempted service. (Doc. 21 ¶ 7.) This factor weighs in favor of Plaintiff.

Second, the Court considers whether there would be prejudice to Defendant by allowing for an extension. As explained previously in this opinion, the Court finds that there would likely be minimal prejudice to Defendant by allowing Plaintiff an additional extension to properly effectuate service. This factor weighs in favor of Plaintiff.

Third, the Court must consider whether the action falls within the statute of limitations. As outlined earlier in this opinion, the Court finds that the action falls within the statute of limitations. This factor weighs in favor of Plaintiff.

Fourth, the Court considers the conduct of Defendant. While not directly alleged by Plaintiff, Plaintiff's articulation of Defendant's conduct demonstrates that Defendant may be evading service. (Doc. 21.) Defendant has seemingly been uncooperative with Plaintiff's attempts at direct communication and has allegedly moved to various locations without explanation. (*Id.*) This factor weighs in favor of Plaintiff.

Fifth, the Court considers whether Plaintiff is represented by counsel. Plaintiff is represented by counsel and is aware of the requirements to effectuate timely and proper service. This factor weighs against Plaintiff.

Finally, considering the sixth factor, the Court noted in its July 25, 2022, Order that Plaintiff's failure to extend time after being granted twenty months to serve process weighs against Plaintiff. (Doc. 20).

Four out of the six factors considered weigh in favor of Plaintiff. Given that a majority of these factors weigh heavily in favor of granting an additional extension, this Court would use its discretionary authority to do so.

## 2. Substance of Service

The Court now considers Defendant 's argument that the substance of Plaintiff's service was improper (Doc. 25 at 11.) The Defendant supports his Motion to Dismiss with the allegation that Plaintiff failed to effectuate proper service. (Doc. 25 at 11.) Specifically, Defendant notes that there is no indication as to what address the summons was served. (*Id*.) Additionally, Defendant notes that a portion of the summons outlining how summons was delivered is crossed out. (*Id*.) Finally, Defendant notes that ". . . although the summons indicates that the 'complaint' is attached, no such document exists with the docketed summons. (Doc. 22)." (*Id*.)  As noted above, Plaintiff does not specifically respond to these allegations. Despite Plaintiff's lack of specificity in his argument, each of Defendant's arguments do not provide a basis for this Court to grant the Motion to Dismiss.

The party asserting the validity of the purported service bears the burden of proving such service was proper. *Gabros v. Shore Med. Ctr.*, 724 F. App'x 119, 121-22 (3d Cir. 2018) (quoting *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993)). Under Rule 12(b)(5), district courts may dismiss a complaint for insufficient service of process. *Cephalon, Inc. v. Sun Pharm. Indus. Inc.*, 2011 WL 6130416, at *1 (D.N.J. Dec. 7, 2011).

In lieu of dismissal, however, a court may, in its discretion, quash service of process and allow for an additional attempt at service. *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992) ("[D]istrict courts possess broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process."); *Adam Techs. LLC v. Well Shin Tech. Co. Ltd., Civ.* No. 18-10513, 2021 WL 141371, at *6 (D.N.J. Jan. 15, 2021) (noting that rather than dismiss an action for failure to effectuate proper service, courts generally give plaintiff acting in good faith additional time to properly serve defendant); *Atzeni-Dandrea v. WVU Hosps.*, 2021 WL 5218166 (W.D.Pa., 2021). This is particularly true where there "is a reasonable prospect that service may yet be obtained." *Umbenhauer*, 969 F.2d 25, 30. Courts have considerable discretion about how to remedy improper service. *Id*. (quoting *Umbenhauer*, 969 F.2d 25, 30 (explaining that district courts possess "broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process")). When "there exists a reasonable prospect that service may yet be obtained," dismissal of the case is inappropriate; "the district court should, at most, quash service, leaving the plaintiffs free to effect proper service." *Id*.

Here, the Court concludes that dismissal of the Complaint is not warranted, and that Plaintiff should instead be allowed additional time to properly serve Defendant. Plaintiff is clearly attempting to proceed with his litigation, despite the failure to request an extension to effectuate service and non-compliance with the Federal Rules of Civil Procedure. (Docs. 20, 22.) The service failures described by Defendant are technical, and there is a reasonable

prospect that proper service will be achieved. In Plaintiff's Amended Proof of Service filed on October 11, 2022, Plaintiff has corrected the technical errors relating to the listing of the address where the summons was delivered and the crossing out of a portion of the document relating to the mailing of the summons. (Doc. 27.)

Despite the corrections found in the Amended Proof of Service, sufficient service has not been accomplished because there is no evidence or argument that the Complaint has been served with the summons. (*Id.*) The Court will not dismiss the case due to this procedural mistake. As noted above, there has been no evidence introduced that Plaintiff has attempted "to stall the judicial machinery or otherwise prejudiced the defendant." *Gussom*, 247 A.3d at 1057. Accordingly, the Court will quash Plaintiff's August 24, 2022, attempt to serve Defendant, and Plaintiff will be afforded an additional opportunity to comply with the service rules either to properly serve the summons and complaint or to obtain Stuckey's agreement to waive service. Defendant's motion will accordingly be denied.

Because the Court has determined that there is sufficient evidence to believe Defendant is evading attempts at service, and, further, that as a consequence, adjudication of this matter has been unreasonably delayed, the Court directs counsel for Plaintiff and Defendant to confer to reach an agreement which will permit counsel for Defendant to accept service on Defendant's behalf. Alternatively, in the absence of such an agreement, Defendant's counsel shall provide a complete and specific address where Defendant can be properly served.

## VI. CONCLUSION

For the foregoing reasons, the Court will deny Defendant's Motion to Dismiss, quash Plaintiff's attempted service of process, and afford Plaintiff a 60-day extension to serve Defendant with all necessary documents. A separate Order follows.

Robert D. Mariani
United States District Court Judge