THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH F. FITZSIMMONS,

        Plaintiff,

v.

        3:20-CV-02052
        (JUDGE MARIANI)

WILLIAM W. STUCKEY,

        Defendant.

## MEMORANDUM OPINION

### I. INTRODUCTION

Plaintiff Joseph F. Fitzsimmons brought this action against William W. Stuckey, alleging that Stuckey failed to timely pay on promissory notes issued to Fitzsimmons. (Doc. 1.) The gravamen of Plaintiff's Complaint concerns alleged nonpayment of debt owed following a Settlement Agreement and Mutual Release entered on January 31, 2013, whereby Stuckey agreed to pay a total of $310,000 to Fitzsimmons. (*Id.*) Presently before the Court is Defendant's third Motion to Dismiss (Doc. 42). For the reasons set forth below, the Court will deny the Motion and quash Plaintiff's attempts at service by mail so as to allow Plaintiff the opportunity to continue to effectuate service.

### II. PROCEDURAL HISTORY

On November 5, 2020, Plaintiff Joseph F. Fitzsimmons filed the present Complaint against William W. Stuckey. (Doc. 1.) On January 20, 2021, Plaintiff filed his first Motion to Extend the Time for Service of the Complaint Pursuant to Federal Rule of Civil Procedure

4(m), which the Court granted. (Docs. 5, 6.) On February 18, 2021, Plaintiff filed his second Motion to Extend Time for Service, which the Court granted. (Docs. 7, 8.) On April 28, 2021, after having made additional attempts at service, Plaintiff filed his third Motion to Extend the Time for Service, which the Court granted. (Docs. 11, 12.) On July 12, 2021, after having made alternative attempts at service, Plaintiff filed his fourth Motion to Extend Time for Service, which the Court granted. (Docs. 16, 17.) On January 20, 2022, Plaintiff filed his fifth Motion to Extend Time for Service, which the court granted. (Docs. 18, 19.)

On September 14, 2022, Defendant filed his first Motion to Dismiss (Doc. 23). The Motion to Dismiss alleged that Plaintiff's Complaint was barred both by the statute of limitations and due to untimely and improper service of process. (Doc. 23 at 2.) On October 12, 2023, in an Order (Doc. 31) and accompanying Memorandum Opinion (Doc. 30), the Court denied Defendant's Motion to Dismiss (Doc. 23) and additionally found that "there is sufficient evidence to believe Defendant is evading attempts at service, and, further, that as a consequence, adjudication of this matter has been unreasonably delayed." (Doc. 30 at 19.)

On December 12, 2023, Plaintiff filed his sixth Motion to Extend Time for Service (Doc. 32), which the Court granted (Doc. 33). On December 28, 2023, Plaintiff filed an Affidavit of Service contending that Defendant was served by mail that was sent on December 21, 2023. (Doc. 34.)

On January 10, 2024, Stuckey filed his second Motion to Dismiss (Doc. 35), contending in his Brief in Support that Fitzsimmons' attempts at serving Defendant via mail were improper. (Doc. 37.) Plaintiff filed an Answer to Defendant's Motion on January 17, 2024, as well as two additional Affidavits of Service on January 29 (Doc. 38) and January 30, 2024 (Doc. 39), contending that Plaintiff's delivery of the summons and complaint on January 13, 2024, was proper. On January 30, 2024, Plaintiff also filed a currently pending Motion to Withdraw the December 28, 2023, Affidavit of Service (Doc. 34), contending that the January 30, 2024, Affidavit conclusively shows that service was effectuated on January 13, 2024. (Doc. 40.) On March 20, 2024, the Court dismissed without prejudice Defendant's January 10, 2024, Motion to Dismiss (Doc. 35) and deemed withdrawn Plaintiff's Motion to Withdraw Affidavit of Service (Doc. 40).

On March 28, 2024, Stuckey filed the at-issue Motion to Dismiss (Doc. 42), contending that Fitzsimmons failed to properly effectuate service by mail. On April 11, 2024, Stuckey filed his Brief in Support of Motion to Dismiss (Doc. 43). On the same day, Fitzsimmons filed his Answer and Consolidated Brief in Response to Defendant's Motion to Dismiss (Doc. 44). Defendant's third Motion to Dismiss (Doc. 42) is now ripe for review.

### III. FACTUAL ALLEGATIONS

Plaintiff Joseph F. Fitzsimmons alleges that he lent money to William W Stuckey and his wife, Darla Stuckey, in exchange for a promissory note of $125,000 on June 15,

2005. (Doc. 1 ¶ 3.) On February 1, 2018, Plaintiff loaned Defendant and his wife additional money in exchange for a second promissory note of $125,000. (*Id.* ¶ 5.)

Plaintiff alleges Defendant and his wife failed to make timely payments on both promissory notes. (*Id.* ¶ 6.) On January 31, 2013, the parties entered into a Settlement Agreement and Mutual Release in an attempt to resolve these payment disputes. (*Id.* ¶ 7.) As part of the Settlement Agreement, Defendant and his wife agreed to pay $145,000. (*Id.* ¶ 8.) Defendant also agreed to pay an additional $165,000 in monthly installments of $1,000. (*Id.* ¶ 9.) Defendant attempted to make these payments until March 11, 2017. (*Id.* ¶ 10.) After March 11, 2017, and following repeated demands for payment, Defendant allegedly refused to make payments as required by the Settlement Agreement. (*Id.* ¶ 12.) On November 5, 2020, Plaintiff filed this lawsuit against Defendant seeking damages in the amount of $131,215 plus legal interest, costs, and attorney fees as a result of Defendant's nonpayment in accordance with the Settlement Agreement. (*Id.*).

## IV. LEGAL STANDARD

Defendant filed his Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff's complaint is barred both by the statute of limitations and due to untimely and improper service of process. (Doc. 42) Although Defendant filed a Rule 12(b)(6) Motion to Dismiss, these arguments are best considered under Rule 12(b)(5), and the Court will analyze the present Motion accordingly. *See, e.g., Est. of Ginzburg by Ermey v. Electrolux Home Prod.*, Inc., 783 F. App'x 159, 162 (3d Cir. 2019).

Under Rule 12(b)(5) of the Federal Rules of Civil Procedure, a defendant may move to dismiss the complaint when a plaintiff fails to effectuate proper service. Fed. R. Civ. P. 12(b)(5). "In resolving a motion under Rule 12(b)(5), the party making service has the burden of demonstrating its validity when an objection to service is made." *Martin v. OSHA*, 2017 WL 1326212, at *2 (E.D. Pa. Apr. 11, 2017).

Federal Rule of Civil Procedure 4(m) outlines the proper timing of service. Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The Third Circuit considers "three factors in determining the existence of good cause under Rule 4(m): (1) reasonableness of plaintiff's efforts to serve[;] (2) prejudice to the defendant by lack of timely service[;] and (3) whether plaintiff moved for an enlargement of time to serve." *See Beautyman v. Laurent*, 829 F. App'x 581, 583 (3d Cir. 2020) (nonprecedential) (citing *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995)).

If a plaintiff fails to show good cause, "the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995); *see also McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 196 (3d Cir. 1998). In determining whether to grant a discretionary

5

extension, the court may consider several factors including 1) actual notice of the action, 2) prejudice to the defendant, 3) statute of limitations, 4) conduct of the defendant, 5) whether the plaintiff is represented by counsel, and 6) any other relevant factor. *Chiang v. U.S. Small Bus. Admin.*, 331 F. App'x 113, 116 (3d Cir. 2009); *see also Jumpp v. Jerkins*, No. 08–6268, 2010 WL 715678, at *7 (D.N.J. Mar. 1, 2010).

## V. ANALYSIS

The Court considers whether Plaintiff's Complaint is barred due to improper service of process. In his third Motion to Dismiss (Doc. 42), Defendant argues that Plaintiff failed to properly effectuate service on Defendant. (*Id.* ¶¶ 10-20.) Plaintiff does not appear to contest Defendant's argument that his December 28, 2023, Affidavit of Service (Doc. 34) is insufficient to show proper service. However, Plaintiff has submitted two additional Affidavits of Service (Docs. 38 & 39) that explain Plaintiff's most recent attempts to serve Defendant by mail in accordance with Pennsylvania Rule of Civil Procedure 403 and its provision allowing for service by ordinary mail without a signature contained within Rule 403(1). (Doc. 44.) For the reasons set out below, the Court finds that Defendant has not been properly served pursuant to Rule 403 or 403(1), and the Court will deny Defendant's Motion to Dismiss, quash Plaintiff's attempts to serve Defendant, and afford Plaintiff the opportunity to continue to effectuate service on Defendant in light of Defendant's continued brazen evasion of service.

## A. Timeliness of Service

The Court first considers whether Plaintiff's attempts at service were within the timeframe permitted pursuant to the Court's December 15, 2023, Order granting Plaintiff's December 12, 2023, Motion to Extend Time to Serve (Doc. 33). Since Plaintiff's most recent Affidavit of Service alleges that service was properly effectuated by mail on Defendant on January 13, 2024, at 2:39pm at the address provided by Defendant (Doc. 39 at 3), this date falls squarely within the sixty-day extension granted by the Court. (*See* Doc. 33.) Therefore, Plaintiff's attempt to serve Defendant on January 13, 2024, was timely.

## B. Substance of Service

The Court now considers Defendant's argument that Plaintiff's service was substantively improper. (*See* Doc. 37 at 3-6.) The party asserting the validity of the purported service bears the burden of proving such service was proper. *Gabros v. Shore Med. Ctr.*, 724 F. App'x 119, 121-22 (3d Cir. 2018) (quoting *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993)). Under Rule 12(b)(5), district courts may dismiss a complaint for insufficient service of process. *Cephalon, Inc. v. Sun Pharm. Indus. Inc.*, 2011 WL 6130416, at *1 (D.N.J. Dec. 7, 2011).

In lieu of dismissal, however, a court may, in its discretion, quash service of process and allow for an additional attempt at service. *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992) ("[D]istrict courts possess broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process."); *Adam Techs.*

7

*LLC v. Well Shin Tech. Co. Ltd., Civ.* No. 18-10513, 2021 WL 141371, at *6 (D.N.J. Jan. 15, 2021) (noting that rather than dismiss an action for failure to effectuate proper service, courts generally give plaintiff acting in good faith additional time to properly serve defendant); *Atzeni-Dandrea v. WVU Hosps.*, 2021 WL 5218166 (W.D.Pa., 2021). This is particularly true where there "is a reasonable prospect that service may yet be obtained." *Umbenhauer*, 969 F.2d 25, 30. Courts have considerable discretion about how to remedy improper service. *Id*. (quoting *Umbenhauer*, 969 F.2d 25, 30 (explaining that district courts possess "broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process")). When "there exists a reasonable prospect that service may yet be obtained," dismissal of the case is inappropriate; "the district court should, at most, quash service, leaving the plaintiffs free to effect proper service." *Id*.

Here, Defendant supports his Motion to Dismiss by arguing in his Brief in Support that Plaintiff failed to effectuate proper service by mail. (Doc. 43 ¶¶ 10-20.) In essence, Defendant argues that Plaintiff failed to comply with either of the provisions in Pa. R.C.P. 403 and 403(1) that authorize service of process by mail. (*Id*.) For the reasons explained below, although Plaintiff has failed effectuate proper service, Defendant's arguments nonetheless do not warrant dismissal.

### (a) Service Pursuant to Pa. R.C.P. 403

Service of process in cases filed in federal court is governed by Federal Rule of Civil Procedure 4(e). That rule states that an individual may be served in a judicial district of the

United States by following state law for serving a summons in the state where the district court is located or where service is made. Fed.R.Civ.P. 4(e). Because this Court sits in Pennsylvania, Pennsylvania's Rules of Civil Procedure apply.

Service of process outside of Pennsylvania is governed by Pennsylvania Rule of Civil Procedure 404, which provides that such service outside of Pennsylvania may be effectuated by mail in the manner provided in Rule 403. *See* Pa. R.C.P. 404(2). Pennsylvania Rule of Civil Procedure 403 states that:

> If a rule of civil procedure authorizes original process to be served by mail, a copy of the process shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent. Service is complete upon delivery of the mail.
>
> (1) If the mail is returned with notation by the postal authorities that the defendant refused to accept the mail, the plaintiff shall have the right of service by mailing a copy to the defendant at the same address by ordinary mail with the return address of the sender appearing thereon. Service by ordinary mail is complete if the mail is not returned to the sender within fifteen days after mailing.
>
> (2) If the mail is returned with notation by the postal authorities that it was unclaimed, the plaintiff shall make service by another means pursuant to these rules.

Pa. R.C.P. No. 403.

As stated, subpart 1 of Rule 403 allows for service by ordinary mail without requiring a receipt signed by the defendant "if the mail is returned with notation by the postal authorities that the defendant refused to accept that mail." (*Id.*) Subpart 2 of Rule 403

9

permits a plaintiff to effectuate service by other means in the event "the mail is returned with notation by the postal authorities that it was unclaimed." (*Id.*)

Here, Defendant argues that dismissal is warranted because "Defendant has not been served nor signed for any certified mail from Plaintiff, as evidence by the return receipt attached to the Affidavit." (Doc. 43 at 6.) The Court finds that Plaintiff's Affidavits of Service and their attached Exhibits provide insufficient evidence of proper service of process in accordance with the general provisions of Rule 403 allowing for service "requiring a receipt signed by the defendant or his authorized agent." Pa. R.C.P. 403. Indeed, none of Plaintiff's three Affidavits of Service reveal that Defendant signed for the mail attempted or delivered on December 11, 2023, or January 13, 2024. (*See generally* Docs. 34, 38, 39.)

Although the Court finds that there is significant evidence that Defendant continues to brazenly evade service, "[t]he [Pennsylvania] Rules of Civil Procedure pertaining to service of process [...] are to be narrowly construed and strictly followed." *U.K. LaSalle, Inc. v. Lawless*, 618 A.2d 447, 449 (Pa. Super. Ct. 1992). District courts in the Third Circuit have remained consistent in strictly construing the signature requirement contained within Rule 403. *See, e.g., Pearson v. Sonnet Trucking, Inc.*, No. CIV.A. 09-5917, 2012 WL 279673, at *1 (E.D. Pa. Jan. 30, 2012); McLaughlin v. Summit Entm't LLC, No. 15-355, 2015 U.S. Dist. LEXIS 153086, at *2 (W.D. Pa. Nov. 12, 2015); *McKinnis v. Hartford Life*, 217 F.R.D. 359, 361 (E.D. Pa. 2003); *Quality Sales Int'l, Inc. v. Robinson Transp. Serv.*, No. CIV.A. 87-1754, 1989 WL 9352, at *1 (E.D. Pa. Feb. 7, 1989).

Plaintiff does not offer any evidence that Defendant or his authorized agent signed the restricted delivery receipt. Indeed, Plaintiff concedes in its most recent Affidavit of Service that Defendant has failed to sign for the mail upon delivery and at the post office. (*See, e.g.,* Doc. 39 ¶¶ 2, 3, 5, and 6.) Therefore, Plaintiff fails to show that service was properly effectuated in accordance with the general provisions of Rule 403.

### (b) Service Pursuant to Pa. R.C.P. 403(1)

The Court now considers whether Plaintiff complied with the Rule 403(1) exception that permits service by *ordinary* mail in certain instances where Defendant refuses delivery. In his Brief in Support, Defendant states that "there was no affidavit or other proof of service supplied by the postal carrier affirming the assumption proffered by Plaintiff that Defendant received but refused to sign for the parcel." (Doc. 43 at 7.)

Rule 403(1) stipulates that:

> **(1) If the mail is returned with notation by the postal authorities that the defendant refused to accept the mail**, the plaintiff shall have the right of service by mailing a copy to the defendant at the same address by ordinary mail with the return address of the sender appearing thereon. Service by ordinary mail is complete if the mail is not returned to the sender within fifteen days after mailing.

Pa. R.C.P. 403(1) (bold added).

Courts in Pennsylvania have strictly construed the requirement that there must be a "notation by postal authorities that the defendant refused to accept the mail" to permit for a defendant to be served by ordinary mail without a signature requirement. In *Russell Bertino v. Michele Clark-Dougherty*, the Pennsylvania Superior Court affirmed a lower court's

11

finding that because the plaintiff's original certified mail was returned "unclaimed" rather than "refused" by the defendant in that case, it was improper for the plaintiff to attempt service by mail again under Rule 403(1). *See Bertino v. Dougherty,* No. 2150 EDA 2016, 2018 WL 3490947, at *1 (Pa. Super. Ct. July 20, 2018).

Similarly, in *Scheibler v. Americo Fin. Life & Annuity Ins. Co.,* a Pennsylvania Court of Common Pleas held that:

> Plaintiff argues that Americo has attempted to refuse service on behalf of Mr. Truitt, and that service by mail is valid if not returned within fifteen days after mailing. *See*, Pa. R.C.P. 403. Rule 403 provides plaintiff the right of service by ordinary mail, which implicates the fifteen-day period, only if the certified, restricted delivery mailing is returned with notation by the postal authorities that the defendant refused to accept the mail, Pa. R.C.P. 403(1). No such notation by the postal authorities that certified, restricted delivery mail was refused by Mr. Truitt appears in the record.

*Scheibler,* 2006 Pa. Dist. & Cnty. Dec. LEXIS 227, *5.[1]

Other courts in Pennsylvania have similarly held that Rule 403(1) does not provide an outlet for service by ordinary mail when the initial attempt at certified mail is returned as unclaimed or without a refused notation. *See, e.g., Kucher v. Fischer,* 167 F.R.D. 397, 398 (E.D. Pa. 1996), *order clarified* (July 5, 1996); *Interdigital Commc'ns Corp. v. Evans Partners,* No. CIV.A. 96-1551, 1996 WL 660934, at *1 (E.D. Pa. Nov. 8, 1996); *Nat'l Expositions, Inc. v. DuBois,* 97 F.R.D. 400, 403 (W.D. Pa. 1983).

---

[1] This case is not presently available on Westlaw. Therefore, the Court will rely on the Lexis citation.

Here, Plaintiff fails to provide any evidence in his Affidavits of Service that there was a notation by postal authorities that certified that Plaintiff's original mailing attempts were refused by Defendant.[2] Exhibit A, B, and C of Plaintiff's December 28, 2023 Affidavit of Service, all showing tracking updates from the United States Postal Service, provide no notation by postal authorities that the defendant refused to accept the mail. (*See* Docs. 34-1, 34-2, 34-3.) Rather, the notations by the postal authorities with respect to the December 11, 2023, delivery attempt only stated "Delivery Attempt: Action Needed" and "Reminder to Schedule Redelivery of your item before December 20, 2023." (*See* Doc. 34-2 at 1.) Because Pennsylvania's rules for service of process must be "narrowly construed and strictly followed," *U.K. LaSalle*, 618 A.2d at 449, Plaintiff fails to provide the necessary evidence of refusal to permit reliance on Rule 403(1) to effectuate service. Therefore, Plaintiff's January 13, 2024, attempt at service by mail was improper under Rule 403(1).

Nonetheless, the Court finds that dismissal is unwarranted in this instance, and that Plaintiff should instead be allowed to continue to attempt to properly serve Defendant. Plaintiff is clearly attempting to proceed with his litigation and has made numerous attempts at serving Defendant. (*See, e.g.*, Docs 21, 34, 38, and 29.) Additionally, the Court has

---

[2] Exhibit F of Plaintiff's latest Affidavit of Service (Doc. 39-6 at 1) shows evidence that Plaintiff's package "was delivered at the front door or porch at 2:29pm on January 13, 2024." (*Id.*) Additionally, Plaintiff's Exhibit E shows a photocopy of the receipt and address that the package was delivered to. (Doc. 39-5 at 1.) Finally, Plaintiff's Exhibit D shows a photocopy, dated January 12, 2024, the same date as the mailing of the package, of the summons, civil cover sheet, and complaint. (*See* Doc. 39-4.) Nonetheless, this documentation does not free Plaintiff of the express requirement contained within Rule 403(1) of first showing that its initial service by mail attempt was refused by Defendant.

previously found that there is substantial evidence that Defendant is evading service. *Fitzsimmons v. Stuckey*, No. 3:20-CV-02052, 2023 WL 6690717, at *9 (M.D. Pa. Oct. 12, 2023). Plaintiff's recent Affidavits of Service continue to provide additional evidence that Defendant is doing so. (*See* Docs. 34, 38, & 39.) The service failures described by Defendant and outlined in this Opinion are technical and procedural in nature, and there is a reasonable prospect that proper service will be achieved.

The Court will not dismiss the case due to these procedural mistakes that appear to be manifested in part by Defendant's continued evasion of service. There has been no evidence introduced that Plaintiff has attempted "to stall the judicial machinery or otherwise prejudiced the defendant." *Gussom v. Teagle,* 247 A.3d 1046, 1057 (Pa. 2021). Accordingly, the Court will quash Plaintiff's January 13, 2024, attempt to serve Defendant, and Plaintiff will be afforded the opportunity to continue to attempt to properly serve the summons and complaint or to obtain Stuckey's agreement to waive service. Defendant's motion will accordingly be denied.

In its prior Opinion denying Defendant's first motion to dismiss, the Court directed counsel for Plaintiff and Defendant

> to confer to reach an agreement which will permit counsel for Defendant to accept service on Defendant's behalf. Alternatively, in the absence of such an agreement, Defendant's counsel shall provide a complete and specific address where Defendant can be properly served.

*Fitzsimmons,* 2023 WL 6690717, at *9 (M.D. Pa. Oct. 12, 2023).

14

There continues to be inferential evidence that Defendant is intentionally frustrating attempts at service, and, further, that as a consequence, adjudication of this matter continues to be unreasonably delayed.[3] The Court again directs counsel for Plaintiff and Defendant to confer to reach an agreement which will permit counsel for Defendant to accept service on Defendant's behalf. In the absence of such an agreement, Defendant's counsel shall confirm a complete and specific address where Defendant can be properly served.

## VI. CONCLUSION

For the foregoing reasons, the Court will deny Defendant's Motion to Dismiss (Doc. 42) and quash Plaintiff's previous attempts at service by mail. A separate Order follows.

Robert D. Mariani
United States District Judge

---

[3] As it did in its Order dated December 15, 2023 (Doc. 33), the Court **again reminds counsel** for Plaintiff that it would give every consideration to **a motion by Plaintiff for Service Pursuant to Special Order of Court** accompanied by an affidavit according to Pa. R.C.P. 430 or N.J. Ct. R. 4:4-4. The Court would also give every consideration to service by mail in strict accordance with Pa. Code Rule 403 or 403(1).